K. G. MORRIS ET ALS., TAXPAYERS, v. CITY OF HENDERSONVILLE.

(Filed 17 February, 1915.)

**Cities and Towns—Paving Streets—Street Railways—Cost of Paving—Direct Liability—Interpretation of Statutes.**

Where legislative authority is given a city to pave its streets and to assess one-third of the cost against the property owners on each side thereof, with the further provision that whenever a railroad or street railway is located thereon it may be required to grade and pave that portion of the street to a certain width, etc., constituting the cost a charge against the railroad, etc., to be collected by appropriate action, the charge against the company should be regarded as a primary liability which will relieve the owners upon the street where the railway is located, as well as the city, of that part of the expense.

APPEAL by defendant from *Webb, J.,* at November Term, 1914, of HENDERSON.

Civil action heard on case agreed.

Plaintiffs, taxpayers and abutting owners on Fifth Avenue, seek to correct an assessment against them for the cost of paving said avenue, alleging that same has been erroneously apportioned by the city authorities: (1) That a portion of paving assessed against a street railroad along the avenue was not first deducted from the estimated cost. (2) That abutting owners were not chargeable with any portion of cost for paving street at point of intersection with cross streets. ·

There was judgment for plaintiffs on the first position, and defendant excepted and appealed.

*Staton & Rector and J. E. Shipman for plaintiff.*
*McD. Ray and E. W. Eubank for defendant.*

HOKE, J. The charter of the city of Hendersonville authorized the municipal authorities to pave the streets under certain conditions, and section 13 in effect provides that when this is done pursuant to the specified requirements, the costs thereof shall be charged according to the amount of paving done in front of their respective premises, one-third each by the property owners on each side of the street and one-third by the city.

In section 14 of the charter it is further provided that whenever a railway or street railway runs its tracks along an avenue, street, or railway, it may be required to grade and pave that portion of the street, avenue, or alley lying between said tracks and 1 foot immediately outside of each rail, etc., and if the owners or operators of said track shall fail or neglect to make the improvement, the city shall make the same and charge the cost thereof to the owners or operators, etc., and the claim shall constitute a debt in favor of the city, to be collected by appropriate action, etc.

In this case it appears from the facts agreed upon that the avenue in question extends from Main Street about 1 mile to the corporate limits; that the Laurel Park Street Railway extends and is operated along the entire length, occupying 7 feet, including the 1 foot on the outside of each rail, and that the city authorities, under the power conferred by the charter, has assessed the railway with the cost of paving that portion of the avenue occupied by its railroad, as above defined, and has assessed against plaintiffs and other abutting owners two-thirds of the entire cost of paving the avenue, without deducting the amount assessed against the railway.

Upon these facts, we concur with his Honor in the view that in making the costs of paving a charge against these owners, in the proportion of

168—26

one-third to each, it was intended to make them bear equally in that proportion the costs for which they were liable, and if a portion of the avenue has been paid for by a railroad company, occupying the street, or the same has been lawfully assessed against such company pursuant to the charter and is collectible, the amount should be deducted before apportioning the assessment between the city and the abutting owners. The assessment against the railroad, having been made pursuant to the provisions of the charter, has the effect of imposing the charge against the company as a primary liability, and should be held to relieve the landowner and the city equally to the extent indicated.

This, we think, by fair intendment, is the correct interpretation of the charter provisions and is in accord with authoritative decisions elsewhere. *City of Shreveport v. Prescott et al.,* 57 La. Annual, 1895; *Philadelphia v. Spring Garden, etc., Co.,* 161 Pa. St., 522.

We were referred by counsel for defendant to *Hager v. Melton,* 66 W. Va., 62, as an authority against this position. There is some distinction in that case, as the charter there was silent as to imposing assessments for paving purposes against street railways, and the city authorities, having assessed the abutting owners with two-thirds costs of paving the street, required a street railway to pave between its tracks as a condition for granting the franchise. In any event, the decision, which was by a divided Court, may not be recognized on the facts presented here.

It may be well to note that, on the second position, the judgment below was in favor of the city, and the plaintiffs not having appealed, the question is not before us.

We find no error in the record as presented, and the judgment below is
Affirmed.